IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | CIVIL ACTION NO. <br><br> 1:07-cv-1168-LJM-JMS <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Titles I and V of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Starr E. Johnson, who was adversely affected by such practices. As stated with greater particularity in paragraph 8 below, the Commission alleges that the Defendant engaged in retaliatory practices by requiring Starr E. Johnson to withdraw her EEOC charge as a condition to receive severance pay and by requiring her to limit significantly her participation in certain EEOC investigations and proceedings as a condition to receive severance pay.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3); Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"),

42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII; and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, as amended, and Titles I and V of the ADA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII.

4. At all relevant times, Defendant Eli Lilly and Company ("Employer") has continuously been an Indiana corporation, doing business in the State of Indiana and the City of Indianapolis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h), and Section 101(5) of the ADA, 42 U.S.C. § 12117(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

2

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Starr E. Johnson filed a charge with the Commission alleging violations of Title VII by Defendant Employer, later amended to include allegations under the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least May 3, 2005, Defendant Employer has engaged in unlawful employment practices at its Indianapolis, Indiana, facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), and Section 503(a) and (b) of the ADA, 42 U.S.C. § 12203(a) and (b). Defendant Employer subjected Starr E. Johnson to retaliatory practices by requiring her to withdraw her EEOC charge as a condition to receive severance pay and by requiring her to agree, also as a condition to receive severance pay, that she would not participate in an EEOC investigation or proceeding in any way involving her employment with Defendant Employer unless at the request of Defendant Employer or in response to a court-ordered subpoena.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Starr E. Johnson of equal employment opportunities and otherwise adversely affect her status as an employee or former employee because of retaliation.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Starr E. Johnson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from any retaliatory employment practices.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who have filed charges of discrimination or participated in an EEOC investigation or proceeding, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Starr E. Johnson by providing the relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, delivery of severance pay with prejudgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Starr E. Johnson by providing for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to out-of-pocket expenses, plus prejudgment interest, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Starr E. Johnson by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraph in 8 above, including but not limited to physical and emotional pain and suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant Employer to pay Starr E. Johnson punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as this Court deems necessary and proper in the public interest.

H. Award the Commission its costs for this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*[signature]*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*[signature]*
KENNETH L. BIRD, #10780-02
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
Phone: (317) 226-7204
Fax: (317) 226-5571
E-mail: Kenneth.Bird@eeoc.gov

5